UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD MALDONADO,** | ) |
| | )    **Case No.:** |
| Plaintiff, | ) |
| | )    **COMPLAINT AND DEMAND** |
| **v.** | )    **FOR JURY TRIAL** |
| | ) |
| **CAPITAL ONE BANK (U.S.A.), N.A.,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

RICHARD MALDONADO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (U.S.A.), N.A. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff is a natural person, who resides in Collingdale, Pennsylvania.

5. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

6. Defendant is a corporation with its headquarters located at 1680 Capital One Dr., McLean, VA 22101.

7. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

9. Plaintiff has a cellular telephone number.

10. Plaintiff has only used this phone as a cellular telephone.

11. Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

12. During the relevant period, Defendant called Plaintiff on his cellular telephone multiple times per day.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automated and/or pre-recorded messages.

14. Plaintiff often would answer a call to be greeted with an automated recording before speaking to callers or receive voice messages from an automated voice.

15. Defendant's telephone calls were not made for "emergency purposes," as Defendant has been calling Plaintiff in order to speak to an unknown third party.

16. Shortly after the calls began, Plaintiff spoke with Defendant and requested that the calls stop immediately as he did not have any information regarding the third party.

17. Despite Plaintiff's clear revocation of consent to call his cellular phone, Defendant persisted in calling Plaintiff.

18. Upon information and belief, Defendant conducts business in a manner which

violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22. Defendant's calls to Plaintiff were not made for emergency purposes.

23. Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, RICHARD MALDONADO, respectfully prays for a judgment as follows:

      a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

      b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

      c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

      e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, RICHARD MALDONADO, demands a jury trial in this case.

Respectfully submitted;

DATED: 3-4-2020

*/s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com